WOLLMAN, Circuit Judge.
Matthew Eric Linngren pleaded guilty to one count of distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1) and 2256. The district court[1] determined that Linngren’s previous Minnesota conviction for criminal sexual conduct “relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor,” and that § 2252(b)(1) thus mandated a sentence of no less than fifteen years. Linngren challenges his fifteen-year sentence, arguing that his Minnesota conviction does not trigger the enhanced mandatory sentence. We affirm.
I.
The only issue on appeal is whether Linngren’s state conviction qualified as a predicate offense to enhance his sentence under § 2252(b)(1). We review his claim of error de novo. United States v. Sonnenberg, 556 F.3d 667, 669 (8th Cir.2009).
Section 2252(b)(1) provides the statutory sentencing range for persons convicted of the child pornography offenses set forth in § 2252(a)(l)-(3). If the defendant has a prior conviction “under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or a ward, ... such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.” For a state conviction to relate to sexual abuse of *870 a minor, it must relate to the “physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification.” Sonnenberg, 556 F.3d at 671 (quoting United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir.2001)).
“Unlike other sentencing enhancement provisions that specify a prior conviction must contain a certain element, § 2252(b)(1) contains no explicit reference to elements.” United States v. Weis, 487 F.3d 1148,1151 (8th Cir.2007). Accordingly, the relevant inquiry “is whether an offense is one ‘relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor,’ not whether any specific element is present.” United States v. Stults, 575 F.3d 834, 845 (8th Cir.2009) (quoting Weis, 487 F.3d at 1151).
In United States v. Sonnenberg, we applied a categorical approach to determine whether a prior state conviction served to enhance a sentence under § 2252(b)(1). 556 F.3d at 669-70. We held that if the full range of conduct encompassed by the state criminal statute related to sexual abuse, then the fact of conviction and the statutory definition establish by themselves that the enhancement applies. Id. at 670. As set forth more fully below, the state statute in this case is overinclusive.
Linngren was convicted of criminal sexual conduct in the fifth degree, in violation of Minnesota Statutes § 609.3451, subdivision 1.[2] The Minnesota statute criminalizes a variety of nonconsensual sexual contacts and is satisfied when those acts are committed with either sexual or aggressive intent.[3] Furthermore, the Minnesota statute does not require that the victim be a minor. Because a person may violate the statute in ways that would not constitute sexual abuse, that is, the “physical or nonphysical misuse of a minor for a purpose associated with sexual gratification,” Sonnenberg, 556 F.3d at 671, the state statute does not establish whether Linngren’s conviction categorically constitutes a predicate offense. As relevant to this case, the statute is overinclusive because it includes acts committed with aggressive intent and against non-minors.
Because the Minnesota statute criminalizes both conduct that qualifies as a predicate offense and conduct that does not, we “may refer to the charging document, the terms of a plea agreement, the transcript *871 of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict.” Id. at 670 (citing Shepard v. United States, 544 U.S. 13, 26, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)); Weis, 487 F.3d at 1151-52 n. 2; see also United States v. McCutchen, 419 F.3d 1122, 1127 (10th Cir.2005) (rejecting a narrow categorical approach to the application of § 2252(b)(2)).
We look to the charging document to determine whether Linngren’s conviction “relat[ed] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct of a minor.” See Weis, 487 F.3d at 1152 (concluding that the trial information to which the defendant pleaded guilty established that the victim was a minor). In this case, the charging document was the complaint, which provides, in relevant part:
The complainant states the following facts establish PROBABLE CAUSE: Your complainant is Investigator Tom Johnson of the Anoka County Sherriffs Department. In that capacity he has reviewed police reports, conducted an investigation on his own and states substantially the following:
1. T.J.M. reports that during the summer of 1997, the defendant was a program director for a church.... T.J.M. reports helping the defendant get ready for a summer event. As part of the preparation, T.J.M. was going to spend the night at the church with the defendant in an office. T.J.M. states the defendant said the two of them had to sleep together. As T.J.M. was waking up the next morning, he recalled feeling the defendant’s hands under his clothes and on his bare butt. T.J.M. reports that the defendant was trying to put his hands down the front of his pants to touch his private area.
The foregoing facts constitute your complainant’s basis for believing that on or about a period during the summer of 1997, in the City of Columbia Heights, County of Anoka, State of Minnesota, the defendant MATTHEW ERIC LINNGREN (DOB [redacted]), did engage in nonconsensual sexual contact with another, T.J.M. (DOB [redacted]). Said acts constituting the offense of: CRIMINAL SEXUAL CONDUCT IN THE FIFTH DEGREE in violation of Minnesota Statutes: 609.3451, Subd. I.[4]
We, like the district court, conclude that the complaint establishes that Linngren’s prior conviction related to sexual abuse of a minor and thus served to enhance his sentence under § 2252(b)(1).
Linngren argues that the district court should have limited its review of the complaint to the charging portion and that it was error for the district court to consider the probable cause portion. In Minnesota, however, “[i]t is well established that a ‘defendant, by his plea of guilty, in effect judicially admitfs] the allegations contained in the complaint.’ ” Rickert v. State, 795 N.W.2d 236, 242 (Minn.2011) (quoting State v. Trott, 338 N.W.2d 248, 252 (Minn.1983)); cf. United States v. Garcia-Medina, 497 F.3d 875, 878 (8th Cir.2007). Minnesota courts of appeals have also concluded that criminal complaints may establish the factual basis for a guilty plea.[5] See State v. Warren, 419 N.W.2d *872 795, 799 (Minn.1988); Trott, 338 N.W.2d at 252. We thus conclude that the entire complaint may be considered. See United States v. Vinton, 631 F.3d 476, 486 (8th Cir.2011) (“A precisely drawn charging document can indicate the basis for conviction whether or not the conviction was accompanied by an admission of guilt.”); United States v. Vasquez-Garcia, 449 F.3d 870, 873 (8th Cir.2006) (“[WJhere a charging document already narrows the overinclusive statute, Shepard does not require the government to produce this additional documentation.”).
Linngren also argues that the complaint fails to establish that he committed the offense with “a purpose associated with sexual gratification.” Sonnenberg, 556 F.3d at 671. Linngren contends that the complaint does not establish whether he committed the crime with sexual or aggressive intent, either of which satisfies the statute. Like the district court, we conclude that because the only plausible reading of the complaint establishes that Linngren committed the offense with sexual intent, the prior conviction related to sexual abuse.
The sentence is affirmed.

. The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

. Linngren does not dispute the fact of conviction.

. Minnesota Statutes § 609.3451, subdivision 1, provides,
A person is guilty of criminal sexual conduct in the fifth degree:
(1) if the person engages in nonconsensual sexual contact; or
(2) the person engages in masturbation or lewd exhibition of the genitals in the presence of a minor under the age of 16, knowing or having reason to know the minor is present.
For purposes of this section, “sexual contact” has the meaning given in section 609.341, subdivision 11, paragraph (a), clauses (i) and (iv), but does not include the intentional touching of the clothing covering the immediate area of the buttocks. Sexual contact also includes the intentional removal or attempted removal of clothing covering the complainant's intimate parts or undergarments, and the nonconsensual touching by the complainant of the actor’s intimate parts, effected by the actor, if the action is performed with sexual or aggressive intent.
Section 609.341, subdivision 11, paragraph (a) provides
“Sexual contact,” ... includes any of the following acts committed without the complainant's consent, except in those cases where consent is not a defense, and committed with sexual or aggressive intent:
(i) the intentional touching by the actor of the complainant's intimate parts, or ...
(iv) in any of the cases above, the touching of the clothing covering the immediate area of the intimate parts.

. Although T.J.M.’s date of birth was redacted from the complaint, it is undisputed that T.J.M. was a minor.

. We note that Linngren pleaded guilty without expressly admitting guilt, pursuant to the procedure discussed in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). “It is well-established that an Alford plea, like other guilty pleas, results in a conviction, and we have said that Alford pleas are indistinguishable from other guilty pleas” *872 when determining whether a conviction qualifies as a predicate offense to enhance a sentence. United States v. Vinton, 631 F.3d 476, 486 (8th Cir.2011); see also United States v. Salean, 583 F.3d 1059, 1061 n. 3 (8th Cir.2009); Stults, 575 F.3d at 846 (''Stults’s assertion that his prior conviction is insufficient to invoke the mandatory minimum because it was based on a plea of nolo contendere is without merit because Stults's plea 'resulted in a finding of guilt.’ ”) (quoting United States v. Storer, 413 F.3d 918, 922 (8th Cir.2005)).