BYE, Circuit Judge,
concurring in the judgment.
For largely the same reasons set forth in my dissent in a recent case considered *578 by this panel, United States v. Linngren, 652 F.3d 868 (8th Cir.2011), I write separately to express my disagreement with the majority in its treatment of the probable cause statement and its reliance on United States v. Vinton, 631 F.3d 476 (8th Cir.2011). Namely, Vinton is distinguishable from the majority’s cited proposition because it dealt only with the fact of conviction itself. 631 F.3d at 486. Moreover, the charging document in that case did not include a probable cause statement at all; rather, the charging language precisely tracked the relevant subsection of the statute at issue.
Nonetheless, I concur in the majority’s decision because, unlike Linngren, the terms of the charging document here indicate Jose Frausto-Vasquez was necessarily convicted of a crime of violence because the disorderly conduct charge was narrowed to “an act of domestic abuse.” Furthermore, unlike Linngren, Frausto-Vasquez expressly adopted the information in the complaint during his plea colloquy. Under these circumstances, the district court properly concluded Frausto-Vasquez’s 2003 Wisconsin conviction for disorderly conduct was a crime of violence under the modified categorical approach. Therefore, I concur in the majority’s decision to affirm the district court.