# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1850

_____

United States of America

*Plaintiff - Appellee*

v.

Robert E. Cover

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 16, 2012
Filed: January 16, 2013

_____

Before MURPHY, BENTON, and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Robert E. Cover pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). The offense carries a mandatory minimum sentence of ten years imprisonment if the defendant has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor . . . ." 18 U.S.C. § 2252(b)(2) (West Supp. 2012). Cover has a

prior conviction under a Nebraska statute criminalizing "[s]exual assault of a child." Neb. Rev. Stat. § 28-320.01. The district court[1] held that the Nebraska statute triggered application of the ten-year mandatory minimum and consequently sentenced Cover to 120 months imprisonment pursuant to Cover's conditional plea agreement. Cover appeals his sentence, arguing that (1) the district court erred in finding the mandatory minimum applied, (2) the district court erred in calculating the sentencing guideline range, and (3) his sentence is substantively unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I.

In 1998, Cover was convicted under a Nebraska statute that makes it a crime for any person who is "at least nineteen years of age or older" to "subject[] another person fourteen years of age or younger to sexual contact . . . ." Neb. Rev. Stat. § 28-320.01(1). Nebraska defines sexual contact as follows:

> Sexual contact means the intentional touching of the victim's sexual or intimate parts[2] or the intentional touching of the victim's clothing covering the immediate area of the victim's sexual or intimate parts. Sexual contact shall also mean the touching by the victim of the actor's sexual or intimate parts or the clothing covering the immediate area of the actor's sexual or intimate parts when such touching is intentionally caused by the actor. Sexual contact shall include only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification of either party. Sexual contact shall also include the touching of a child with the actor's sexual or intimate parts on any part of the child's body for purposes of sexual assault of a child . . . .

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

[2]The statute defines intimate parts as "the genital area, groin, inner thighs, buttocks, or breasts." Neb. Rev. Stat. § 28-318(2).

Neb. Rev. Stat. § 28-318(5) (footnote added).

In 2011, law enforcement officials executed a search warrant for Cover's residence and discovered images of child pornography on Cover's computer. They obtained the warrant after learning that Cover had been accessing images from a child pornography website recently shut down by the government. Cover agreed to plead guilty to possession of child pornography, but he argued that his 1998 Nebraska conviction did not qualify as a predicate offense for purposes of triggering the ten-year mandatory minimum under 18 U.S.C. § 2252(b)(2). Consequently, Cover and the government entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that stated, in relevant part:

> Provided that the defendant has a prior conviction relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward the defendant shall be sentenced to the mandatory minimum sentence of 120 months. Defendant and the United States retain the right to appeal any adverse decision on the application of the mandatory minimum sentence.
> If the defendant is successful in challenging the application of his prior conviction on the ten year mandatory minimum sentence the parties agree that the defendant shall be sentenced to a term determined by the district court that is at least five years but not more than ten years.

The plea agreement further provided that with the exception of the mandatory minimum issue, Cover "knowingly and expressly waives any and all rights to appeal [his] conviction and sentence, including . . . a waiver of all motions, defenses, and objections which [he] could assert to the charges or to the Court's entry of Judgment against [him], and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed."

At Cover's sentencing hearing, the district court held that the Nebraska conviction did trigger application of the mandatory minimum sentence. The court reasoned that although "there may be some factual dispute about what [Cover] really did" in connection with the 1998 conviction, "the conviction itself for a crime of that nature, as defined in the statute, does satisfy the elements of the prior conviction for purposes of the ten-year statutory mandatory minimum." Accordingly, the district court sentenced Cover to 120 months imprisonment, as provided in his plea agreement. Cover now appeals his sentence.

II.

A.

Cover first argues that the district court erred in holding his prior Nebraska conviction triggers the ten-year mandatory minimum sentence under section 2252(b)(2). We review this claim de novo. See United States v. Linngren, 652 F.3d 868, 869 (8th Cir. 2011). The mandatory minimum applies when the state conviction "relat[es] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor . . . ." 18 U.S.C. § 2252(b)(2). "For a state conviction to relate to sexual abuse of a minor, it must relate to the physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." Linngren, 652 F.3d at 869-70 (internal quotation marks omitted). "[I]f the full range of conduct encompassed by the state criminal statute relate[s] to sexual abuse, then the fact of conviction and the statutory definition establish by themselves that the enhancement applies." Id. at 870. However, if the state "statute criminalizes both conduct that qualifies as a predicate offense and conduct that does not, we may refer to the charging document, the terms of a plea agreement, the transcript of the colloquy, jury instructions, and other comparable judicial records to determine the basis for the guilty plea or verdict." Id. at 870-71 (internal quotation marks omitted).

Here, Cover was convicted under a Nebraska statue that criminalizes an adult's "sexual contact" with "another person fourteen years of age or younger." Neb. Rev. Stat. § 28-320.01(1). Cover argues that this statute criminalizes a wide variety of conduct that does not constitute aggravated sexual abuse, sexual abuse, or abusive sexual conduct under section 2252(b)(2), and that we consequently must look to the facts underlying his conviction to determine whether the mandatory minimum applies. According to Cover, his Nebraska conviction does not trigger the mandatory minimum because (1) his conviction was based on an Alford plea in which he never admitted any of the underlying facts and (2) the exhibits submitted by the government in the present case do not include sufficient information about the factual allegations underlying his Nebraska conviction.

In United States v. Stults, 575 F.3d 834 (8th Cir. 2009), we addressed whether a defendant's conviction for attempted second-degree[3] sexual assault of a child under this same Nebraska statute was sufficient to trigger the mandatory minimum under section 2252(b)(2). Id. at 844-46. The issue in that case was whether a conviction for attempt, rather than a conviction for a completed offense, was sufficient to trigger the mandatory minimum. Id. at 844. After explaining that section 2252(b)(2) does not require the predicate offense to involve actual harm or even physical touching, we held that the conviction for attempt did qualify as a predicate offense. Id. at 845-46. To the extent that Stults did not already decide the issue currently before us, we hold that any conviction under 28-320.01 is sufficient to trigger the mandatory ten-

---

[3]The statute specifies that "[s]exual assault of a child is in the second degree if the actor causes serious personal injury to the victim," while "[s]exual assault of a child is in the third degree if the actor does not cause serious personal injury to the victim." Neb. Rev. Stat. § 28-320.01(2)-(3). The parties have not identified anything in the record that specifies the degree of Cover's conviction. This is not relevant to our analysis, however, because all degrees of sexual assault of a child under the Nebraska statute involve "sexual contact" with "another person fourteen years of age or younger." Neb. Rev. Stat. § 28-320.01(1).

year minimum sentence under section 2252(b)(2). Nebraska law specifies that sexual contact must involve "sexual or intimate parts" and "include[s] only such conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification . . . ." Neb. Rev. Stat. § 28-318(5). This fits squarely within our definition of sexual abuse under section 2252(b)(2), which requires that the conviction "relate to the physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." See Linngren, 652 F.3d at 869-70 (internal quotation marks omitted).

Because we hold that all conduct criminalized by section 28-320.01 is sufficient to trigger the ten-year mandatory minimum sentence under section 2252(b)(2), Cover's remaining arguments about the factual basis for his conviction fail. We need not look to the facts underlying Cover's conviction, since the conviction itself triggers the mandatory minimum under this statute. See Linngren, 652 F.3d at 870; Stults, 575 F.3d at 845-46. Moreover, to the extent that Cover is arguing the analysis should be different because his Nebraska conviction involved an Alford plea, "'[i]t is well-established that an Alford plea, like other guilty pleas, results in a conviction, and we have said that Alford pleas are indistinguishable from other guilty pleas' when determining whether a conviction qualifies as a predicate offense to enhance a sentence." Linngren, 652 F.3d at 871 n.5 (quoting United States v. Vinton, 631 F.3d 476, 486 (8th Cir. 2011)). Thus, Cover's 1998 Nebraska conviction triggers application of the ten-year mandatory minimum.

B.

Cover next argues that the district court erred in calculating the guideline range and that the resulting 120-month sentence was substantively unreasonable. The government responds that with the exception of contesting whether the mandatory minimum applies, Cover explicitly waived all other challenges to his sentence in his plea agreement.

-6-

"We review de novo whether a defendant waived the right to appeal a sentence." United States v. Azure, 571 F.3d 769, 772 (8th Cir. 2009). "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the waiver and plea agreement were entered into knowingly and voluntarily." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003). "[T]he burden of proof is on the Government to demonstrate that a plea agreement clearly and unambiguously waives a defendant's right to appeal." Id. at 890. Moreover, even where these conditions are satisfied, "we will not enforce a waiver where to do so would result in a miscarriage of justice." Id.

Here, Cover waived the remaining challenges to his sentence. First, these challenges clearly fall within the scope of the waiver, which stated that Cover waived "any and all rights to appeal [his] conviction and sentence" except for the right to appeal any adverse determination regarding applicability of the mandatory minimum. Second, Cover does not claim that the plea agreement and waiver were anything but knowing and voluntary. See Andis, 333 F.3d at 892 (declining to analyze this issue when appellant did "not claim that the waiver was entered into unknowingly or involuntarily"). Third, enforcing the waiver would not result in a miscarriage of justice. As previously discussed, Cover's Nebraska conviction triggered application of a ten-year mandatory minimum. His Rule 11(c)(1)(C) plea agreement explicitly provided for imposition of the mandatory minimum under these circumstances. The district court did, in fact, impose this minimum. Thus, there has been no miscarriage of justice here, and Cover's remaining challenges to his sentence are waived. See id. at 892 ("Any sentence imposed within the statutory range is not subject to appeal. Specifically, an allegation that the sentencing judge misapplied the Sentencing Guidelines or abused his or her discretion is not subject to appeal in the face of a valid appeal waiver.").

III.

Accordingly, we affirm Cover's sentence.

_____