# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2348

_____

United States of America,

*Plaintiff - Appellee,*

v.

Thomas Eugene Krebs,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 15, 2016
Filed: July 29, 2016

_____

Before COLLOTON and SHEPHERD, Circuit Judges, and MOODY,[1] District Judge.

_____

COLLOTON, Circuit Judge.

Thomas Eugene Krebs pleaded guilty to possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). His criminal history included a conviction

_____

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas, sitting by designation.

under Iowa law for indecent contact with a child in 1982. *See* Iowa Code § 709.12 (1981).

Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that Krebs would be subject to a sentence of 120 months' imprisonment if the court determined that his prior conviction triggered the mandatory statutory penalty under § 2252(b)(2). If the conviction was not a qualifying predicate offense, however, the parties assented to a sentence of 60 months' imprisonment and 240 months of supervised release. Over Krebs's objection, the district court[2] concluded that Krebs's prior conviction was a qualifying predicate offense under § 2252(b)(2), and sentenced Krebs to 120 months' imprisonment.

Section 2252(b)(2) requires a mandatory minimum term of ten years' imprisonment for any person who violates § 2252(a)(4) and who has a prior conviction "under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward." We review *de novo* the sentencing court's determination that Krebs's prior conviction constitutes a qualifying predicate offense under § 2252(b)(2). *United States v. Cover*, 703 F.3d 477, 480 (8th Cir. 2013).

Krebs asserts that his prior conviction for indecent contact with a child does not satisfy the definitions of aggravated sexual abuse, sexual abuse, or abusive sexual contact found in a separate statutory chapter (Chapter 109A), so his conviction should not trigger the sentencing enhancement in § 2252(b)(2). Krebs acknowledges, however, that circuit precedent forecloses his argument. In *United States v. Sonnenberg*, 556 F.3d 667, 670 (8th Cir. 2009), this court held that the definitions in

---

[2]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

Chapter 109A do not apply to the penalty enhancement provisions found in § 2252(b). In a Rule 28(j) letter, Krebs contends that *Lockhart v. United States*, 136 S. Ct. 958 (2016), suggests that the definitions in § 2252(b) closely follow the structure and language of the definitions contained in Chapter 109A. The Supreme Court in *Lockhart*, however, took "no position . . . on the meaning of the terms 'aggravated sexual abuse,' 'sexual abuse,' and 'abusive sexual conduct.'" 136 S. Ct. at 965. We see no warrant in *Lockhart* to reconsider *Sonnenberg*.

Krebs argues in the alternative that his indecent contact conviction does not constitute a predicate offense even under the ordinary, contemporary meaning of "aggravated sexual abuse," "sexual abuse," or "abusive sexual conduct" applied in *Sonnenberg*. *Sonnenberg* concluded that the ordinary meaning of "sexual abuse of a minor" encompasses "a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." 556 F.3d at 671 (internal quotation marks omitted). Since then, the Supreme Court clarified that a qualifying conviction under a state law relating to "sexual abuse" need not involve a minor. *Lockhart*, 136 S. Ct. at 968.

Here, the district court determined that the Iowa statute concerning indecent contact with a child was divisible and considered the charging document to determine the offense of conviction. The trial information established that Krebs necessarily was convicted of knowingly fondling or touching the inner thigh, groin, buttock, anus, or breast of a child under the age of fourteen for the purpose of arousing or satisfying the sexual desires of either of them. *See* Iowa Code § 709.12(1) (1981). It follows, therefore, that Krebs physically misused or maltreated a child with the intent to seek libidinal gratification, and thus committed an offense related to "sexual abuse" within the meaning of § 2252(b)(2). *See Sonnenberg*, 556 F.3d at 669, 671; *see also Cover*, 703 F.3d at 479 n.2, 481.

Krebs further contends that the terms "aggravated sexual abuse," "sexual abuse," and "abusive sexual contact" in § 2252(b)(2) are ambiguous and that he should receive a favorable interpretation under the rule of lenity. *Sonnenberg* forecloses that argument as well. 556 F.3d at 671.

The judgment of the district court is affirmed.

_____