# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1753

_____

United States of America

*Plaintiff - Appellee*

v.

Joel Augutuk Mayokok

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 18, 2016
Filed: April 24, 2017

_____

Before BENTON and SHEPHERD, Circuit Judges, and EBINGER,[1] District
Judge.

_____

SHEPHERD, Circuit Judge

In 2013, based upon a report from the National Center for Missing and
Exploited Children that an e-mail address owned by Appellant, Joel Augutuk

_____

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for
the Southern District of Iowa, sitting by designation.

Mayokok, was being used to upload child pornography via Google Picasa, a photo-upload website, the Minnesota Bureau of Criminal Apprehension obtained a search warrant for Mayokok's computers and found 986 images and 165 videos containing child pornography. Mayokok was charged by indictment with distribution and receipt of child pornography, both in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Pursuant to a plea agreement, Mayokok pled guilty to receipt of child pornography and was sentenced to 240 months imprisonment and 15 years supervised release. The remaining counts of the indictment were dismissed.

On appeal, Mayokok asserts that the district court committed procedural error in calculating his offense level by applying a five-level enhancement after the court found that the offense involved the distribution of material involving the sexual exploitation of a minor for the receipt, or expectation of receipt, of a thing of value under USSG § 2G2.2(b)(3)(B). He likewise challenges the district court's determination that a 15-year mandatory minimum sentence applies under 18 U.S.C. § 2252(b)(1) based upon Mayokok's 2003 Minnesota conviction for possession of a pornographic work involving minors. Having jurisdiction in this appeal pursuant to 28 U.S.C. § 1291, we remand this matter to the district court for resentencing.

I.

In describing the criminal conduct supporting the plea of guilty to the charge of receipt of child pornography, the plea agreement stated:

> On or about January 7, 2013, in the State and District of Minnesota, Defendant did knowingly receive a visual depiction using a means and facility of interstate and foreign commerce and that had been mailed, shipped and transported in interstate and foreign commerce, by computer, where the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction

was of such conduct. Specifically, Defendant received via email a video file entitled . . . , which is a video [sic] pre-pubescent female who appears to be 7 to 10 years of age. The child is unclothed and is performing oral intercourse on an adult male.

The parties also agreed to a base offense level of 22 with the following enhancements: two levels for material involving prepubescent minors who had not attained the age of 12 years old, USSG § 2G2.2(b)(2); four levels for material portraying sadistic or masochistic conduct or other depictions of violence, USSG § 2G2.2(b)(4); and two levels for material involving the use of a computer or interactive computer service, USSG § 2G2.2(b)(6). The agreement further noted that the government believed "that the offense level should be further increased by 5 levels because the offense involved 600 or more images (USSG § 2G2.2(b)(7)), and 5 levels because the offense involved distribution with the expectation of [sic] a thing of value (but not for pecuniary gain) (USSG § 2G2.2(b)(3)(B))." Mayokok did not agree to these two enhancements and he reserved the right to argue against their assessment. On the other hand, Mayokok did agree to the statement of facts contained in the plea agreement.

In his presentence report (PSR) to the district court, the probation officer recommended both a five-level enhancement for an offense involving more than 600 images and a five-level enhancement because the offense involved the distribution of child pornography with the expectation of receiving a thing of value. With respect to the latter enhancement the PSR stated that Mayokok:

distributed the images with the expectation of receiving child pornography in return for the image uploaded on the photo-sharing website Google Picasa . . . . The nature of Google Picasa is to share photos. Therefore, the nature of the defendant's conduct of uploading child pornography on Google Picasa was with the expectation to receive child pornography in return.

-3-

Mayokok submitted objections to the PSR and filed objections with the district court prior to sentencing asserting that there was a lack of factual support for the USSG § 2G2.2(b)(3)(B) enhancement. He alleged that there was insufficient evidence that Mayokok uploaded child pornography to the Google Picasa website or that it was uploaded with the expectation of receiving child pornography in return. He further objected that although Google Picasa allows photos to be uploaded, there was insufficient proof to allow the Court to conclude that Picasa operates as a file-sharing program or in a way that makes it reasonable to conclude that there was distribution and that it was done with the expectation of receiving child pornography in return. Mayokok also objected that insufficient proof exists that e-mails containing child pornography and sent to Mayokok were sought by Mayokok or that Mayokok distributed child pornography expecting child pornography in return.

At sentencing, the government presented no evidence in response to Mayokok's objections with respect to the USSG § 2G2.2(b)(3)(B) enhancement. Nevertheless, the district court overruled the objections and applied the enhancement to Mayokok's offense level.

The plea agreement also contained Mayokok's admission that in 2003 he was convicted in Redwood County, Minnesota, of violating Minnesota Statute § 617.247, subdivision 4, Possession of Pornographic Work Involving Minors. Based upon this conviction, the United States asserted that a mandatory minimum sentence of 15 years and a maximum sentence of 40 years applies to Mayokok's case, as the Minnesota conviction constitutes a conviction relating to the "possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography" pursuant to 18 U.S.C. § 2252(b)(1). Mayokok objected to the application of this mandatory minimum sentence. The district court overruled Mayokok's objection.

II.

Mayokok asserts, and the United States agrees, that Mayokok made timely objections before the district court that the five-level enhancement for distribution of child pornography for the receipt or with the expectation of receiving a thing of value is not supported by the record, that the sentencing record does not support the enhancement, and that the district court erred in applying the enhancement to Mayokok's offense level. The government thus joins Mayokok in asking that this matter be remanded for resentencing without the five-level USSG § 2G2.2(b)(3)(B) enhancement. We agree that remand is appropriate.

In reviewing a sentence, we first review for significant procedural error. United States v. Martin, 757 F.3d 776, 779 (8th Cir. 2014). Procedural error includes improperly calculating the Guidelines range. Gall v. United States, 552 U.S. 38, 51 (2007). Further:

> Application of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement. It is well-established that, when a defendant disputes material facts in his PSR, the sentencing court must either refuse to take those facts into account or hold an evidentiary hearing. If the defendant objects to the factual basis for a sentencing enhancement, and the government fails to present evidence to prove that factual basis by a preponderance of the evidence, it is error to apply the enhancement.

United States v. Mitchell, 825 F.3d 422, 425 (8th Cir. 2016) (citations omitted) (internal quotation marks omitted).

Mayokok objected to the factual basis for the USSG § 2G2.2(b)(3)(B) enhancement and the government acknowledges in its brief "that the enhancement was not sufficiently supported in the record." The transcript from the sentencing

-5-

hearing reflects that evidence was presented showing that (1) on November 12, 2013, Mayokok uploaded an image to Google Picasa, and (2) Mayokok exchanged e-mails containing child pornography in July of 2013. But we have "not condoned application of the enhancement simply because a defendant uses a file-sharing program," and no evidence was presented to establish the necessary proposition that Mayokok actually engaged in file sharing after he uploaded this image. See United States v. Dolehide, 663 F.3d 343, 348 (8th Cir. 2011) ("[T]he Government must present evidence that the defendant uploaded and downloaded files using LimeWire."). Further, the e-mails discussed by the district court during the sentencing hearing establish only that Mayokok sent and received files via e-mail. There is no evidence, however, that Mayokok sent those e-mails with the expectation of receiving a thing of value. Accordingly, it was error for the district court to apply the enhancement. United States v. Poor Bear, 359 F.3d 1038, 1042 (8th Cir. 2004) ("The evidence that the district court could rely on in making a factual determination [as to a Guidelines enhancement] include[] the unobjected-to portions of the PSR, the written factual basis of [a] plea agreement, and [evidence presented at an evidentiary hearing].").

III.

Mayokok also appeals the district court's imposition of the 15-year mandatory minimum sentence found in 18 U.S.C. § 2252(b)(1). We review de novo a challenge to the application of a mandatory minimum sentence. United States v. Sonnenberg, 556 F.3d 667, 669 (8th Cir. 2009). An individual who violates § 2252(a)(2) is subject to a 15-year minimum sentence if that person "has a prior conviction . . . under the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography." § 2252(b)(1).

We employ a categorical approach to determine whether a prior conviction triggers a mandatory minimum sentence under § 2252(b)(1). United States v.

Knowles, 817 F.3d 1095, 1097-98 (8th Cir. 2016). "Under this approach, the sentencing court looks to the fact of conviction and the statutory definition of the prior offense and determines whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence." Sonnenberg, 556 F.3d at 670 (citing Taylor v. United States, 495 U.S. 575, 600 (1990)). Thus, our present task is to determine whether the full range of conduct proscribed by Minnesota Statute section 617.247, subdivision 4 (2002), "relat[es] to" the variety of child pornography offenses described in § 2252(b)(1).

At the time of Mayokok's conviction, section 617.247, subdivision 4 read as follows: "A person  who possesses a pornographic work or a computer disk or computer . . . containing a pornographic work, knowing or with reason to know its content and character, is guilty of a felony . . . ." For the purpose of the above statute, subdivision 2 provided that the terms "Pornographic work" and "Sexual conduct" were given the definitions ascribed to them in section 617.246. That section, in turn, defined "Pornographic work" as:

> (1) an original or reproduction of a picture, film, photograph, negative, slide, videotape, videodisc, or drawing of a sexual performance involving a minor; or
>
> (2) any visual depiction, including any photograph, film, video, picture, drawing, negative, slide, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means that:
>
> (i) uses a minor to depict actual or simulated sexual conduct;
>
> (ii) has been created, adapted, or modified to appear that an identifiable minor is engaging in sexual conduct; or

(iii) is advertised, promoted, presented, described, or distributed in such a manner that conveys the impression that the material is or contains a visual depiction of a minor engaging in sexual conduct.

Minn Stat. § 617.246, subd. 1(f) (2002).  It then defined the following acts as "sexual conduct":

(1) an act of sexual intercourse, normal or perverted, including genital-genital, anal-genital, or oral-genital intercourse, whether between human beings or between a human being and an animal;

(2) sadomasochistic abuse, meaning flagellation, torture, or similar demeaning acts inflicted by or upon a person who is nude or clad in undergarments or in a revealing costume, or the condition of being fettered, bound or otherwise physically restrained on the part of one so clothed;

(3) masturbation;

(4) lewd exhibitions of the genitals; or

(5) physical contact with the clothed or unclothed pubic areas or buttocks of a human male or female, or the breasts of the female, whether alone or between members of the same or opposite sex or between humans and animals in an act of apparent sexual stimulation or gratification.

Id. § 617.246, subd. 1(e).

Under federal law, "'child pornography' means any visual depiction . . . of a minor engaging in sexually explicit conduct."  18 U.S.C. § 2256(8)(A).  "Sexually explicit conduct" is further defined as "actual or simulated (i) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (ii) bestiality; (iii) masturbation; (iv) sadistic or

masochistic abuse; or (v) lascivious exhibition of the genitals or pubic area of any person." Id. § 2256(2)(A).

To be sure, despite the many similarities in these statutes, one can conjure scenarios that violate one statute but not the other. Indeed, Mayokok succeeds in pointing out a number of examples in which this occurs. The question, however, is not whether the statutes criminalize exactly the same conduct, but whether the full range of conduct proscribed under section 617.246, subdivision 4 *relates to* the "possession . . . of child pornography" as that term is defined under federal law.[2] "The phrase 'relating to' carries a broad ordinary meaning, i.e., to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association or connection with." Sonnenberg, 556 F.3d at 671 (internal quotation marks omitted). Applying the categorical approach, it is clear from looking only at Mayokok's 2003 conviction and its statutory definition that any conduct violating section 617.247, subdivision 4, necessarily relates to the "possession . . . of child pornography" under federal law. See United States v. Bennett, 823 F.3d 1316, 1325 (10th Cir. 2016).

---

[2]For this reason, much of the discussion from cases like Mathis v. United States, 136 S. Ct. 2243 (2016), is inapposite to § 2252. The 15-year mandatory minimum provided by the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), is imposed when an individual violates § 922(g) "and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony." A "violent felony" is further defined as, inter alia, "any crime . . . that . . . is burglary." Id. § 924(e)(2)(B)(ii). Given Congress's use of the concrete terms like "for a violent felony" and "is," the Court's specification that "[a] crime counts as 'burglary' under the Act if its elements are the same as, or narrower than, those of the generic offense" is less than surprising. Mathis, 136 S. Ct. at 2248. Here, by contrast, Congress used the modifier "relating to," and "[w]e must assume" that it did so "for a purpose." Sonnenberg, 556 F.3d at 671 (alteration in original) (internal quotation marks omitted). Given the Court's broad interpretation of this phrase in other contexts, see, e.g., Morales v. Trans World Airlines, Inc., 504 U.S. 374, 383 (1992), the Congressional purpose was to subject a wider range of prior convictions to the § 2252(b)(1) enhancement.

The district court thus correctly applied the statutory mandatory minimum sentence.

## IV.

Accordingly, we affirm the application of the 15-year mandatory minimum sentence under 18 U.S.C. § 2252(b)(1), but we vacate Mayokok's sentence and remand for resentencing without the USSG § 2G2.2(b)(3)(B) enhancement.

_____