# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1366

———————————————

United States of America,

*Plaintiff - Appellee*,

v.

Joshua Glen Box,

*Defendant - Appellant.*

————————

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

————————

Submitted: February 10, 2020
Filed: June 2, 2020
[Published]

————————

Before SMITH, Chief Judge, COLLOTON and STRAS, Circuit Judges.

————————

PER CURIAM.

Joshua Box pleaded guilty to receipt of child pornography, *see* 18 U.S.C. § 2252A(a)(2)(A), (b)(1), and possession of child pornography, *see id.*

§ 2252A(a)(5)(B), (b)(2). At sentencing, the district court[1] considered whether Box was subject to a statutory minimum penalty under 18 U.S.C. § 2252A(b)(1). That provision applies to an offender who violates the federal laws on child pornography and has a prior conviction "under the laws of any State relating to . . . the . . . possession . . . of child pornography." The court concluded that Box's five prior Arkansas convictions for possession of child pornography, in violation of Ark. Code Ann. § 5-27-602, qualified as prior convictions under § 2252A(b)(1). Accordingly, the court imposed the statutory minimum term of fifteen years' imprisonment.

Box argues on appeal that his Arkansas convictions do not qualify as prior convictions for purposes of the federal penalty statute. The Arkansas statute of conviction prohibits the knowing possession of material that depicts a "child engaging in sexually explicit conduct," where "sexually explicit conduct" includes "[l]ewd exhibition of the: (i) Genitals or pubic area of any person; or (ii) Breast of a female." Ark. Code. Ann. §§ 5-27-602, 5-27-601(15)(F). Box asserts that the district court erred in determining that his Arkansas convictions qualified as prior convictions, because the state statute "punished more conduct than its federal counterpart." Under federal law, child pornography does not include lascivious exhibition of the female breast. 18 U.S.C. §§ 2256(8)(A), (2)(A)(v).

Box concedes, however, that his contention is foreclosed by this court's decision in *United States v. Mayokok*, 854 F.3d 987 (8th Cir. 2017), and he seeks only to preserve the argument for further review. *Mayokok* considered a minimum sentence under an analogous penalty statute, 18 U.S.C. § 2252(b)(1). That provision states that a person who violates § 2252(a)(2) is subject to a minimum penalty if he "has a prior conviction . . . under the laws of any State relating to . . . the . . . possession . . . of child pornography."

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

Although the Minnesota criminal statute at issue in *Mayokok* encompassed the possession of material that depicted a minor engaged in conduct that involved physical contact with the unclothed breast of a female, this court concluded that a prior state conviction "relate[d] to the possession . . . of child pornography" under the federal statute. *Mayokok*, 854 F.3d at 993 (internal quotation omitted). The court reasoned that although "one can conjure scenarios that violate one statute but not the other," the question "is not whether the statutes criminalize exactly the same conduct, but whether the full range of conduct proscribed under [the state statute] *relates to* the 'possession . . . of child pornography' as that term is defined under federal law." *Id.* at 992-93. Following *United States v. Bennett*, 823 F.3d 1316, 1325 (10th Cir. 2016), *Mayokok* held that because "'relating to' carries a broad ordinary meaning, i.e., to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association or connection with," the Minnesota statute of conviction related to the possession of child pornography under federal law. 854 F.3d at 993 (internal quotation omitted).

There is no material distinction between the penalty statute at issue here, § 2252A(b)(1), and the statute at issue in *Mayokok*, § 2252(b)(1): both refer to a prior conviction "under the laws of any State relating to . . . the . . . possession . . . of child pornography." In light of *Mayokok*, therefore, the district court properly determined that Box's convictions under the Arkansas child pornography statute qualified as prior convictions that triggered the statutory minimum sentence under § 2252A(b)(1). *See also United States v. Colson*, 683 F.3d 507, 511 & n.2 (4th Cir. 2012) (holding that conviction under state statute that extended to lewd exhibitions of buttocks and female breasts qualified as prior conviction under § 2252A(b)(1)); *but see United States v. Reinhart*, 893 F.3d 606, 615 & n.4 (9th Cir. 2018) (applying 18 U.S.C. § 2252(b)(2)).

The judgment of the district court is affirmed.

_____