# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-1603

_____

United States of America

*Plaintiff - Appellee*

v.

Christian Ricardo Carrillo Topete

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: January 11, 2024
Filed: September 10, 2024

_____

Before LOKEN, KELLY, and STRAS, Circuit Judges.

_____

STRAS, Circuit Judge.

Christian Carrillo Topete's minimum sentence for possessing child pornography depended on whether his prior conviction for assault "relat[ed] to . . . sexual abuse." 18 U.S.C. § 2252A(a)(5)(B), (b)(2). We agree with the district court[1] that it did, so we affirm his ten-year mandatory-minimum sentence.

---

[1]The Honorable Leonard T. Strand, United States District Judge for the Northern District of Iowa.

## I.

Carrillo Topete saved dozens of images of child pornography. *See id.* § 2252A(a)(5)(B) (prohibiting "knowing[] possess[ion]"). Some "involved . . . minor[s] who had not attained 12 years of age," which increased the maximum sentence to twenty years. *Id.* § 2252A(b)(2). The minimum, on the other hand, hinged on whether he had "a prior conviction . . . under the laws of any State *relating to . . .* sexual abuse." *Id.* (emphasis added). If he did, he had to be "imprisoned for not less than 10 years." *Id.*

The government pointed to Carrillo Topete's prior conviction of assault with intent to commit sexual abuse as a possibility. *See* Iowa Code § 709.11. After reviewing his criminal history and considering the parties' arguments, the district court concluded that it "relat[ed] to sexual abuse" and sentenced him to ten years in prison, three more than he would have otherwise received. 18 U.S.C. § 2252A(b)(2). We review de novo whether his assault conviction qualifies. *See United States v. Krebs*, 830 F.3d 800, 802 (8th Cir. 2016).

## II.

What matters is "the statutory definition of [Carrillo Topete's] prior offense," not his actual conduct. *United States v. Sonnenberg*, 556 F.3d 667, 670 (8th Cir. 2009). The statute, after all, required him to "*ha[ve]* a prior conviction under" a qualifying state "law[]," which makes the conviction itself the focus, not the facts underlying it. 18 U.S.C. § 2252A(b)(2) (emphasis added); *see Taylor v. United States*, 495 U.S. 575, 600 (1990). When the conviction is what counts, we apply the categorical approach and examine "the full range of conduct encompassed by [a criminal] statute." *Sonnenberg*, 556 F.3d at 670. If the crime of assault with intent to commit sexual abuse necessarily "relat[es] to . . . sexual abuse," 18 U.S.C. § 2252A(b)(2), then the mandatory minimum applies. *See Sonnenberg*, 556 F.3d at 670.

A.

The analysis is not as easy as it sounds. Start with what "sexual abuse" means. In the federal statute, it refers to "physical or nonphysical misuse or maltreatment of a [victim] for a purpose associated with sexual gratification." *Sonnenberg*, 556 F.3d at 671 (quoting *United States v. Padilla-Reyes*, 247 F.3d 1158, 1163 (11th Cir. 2001)). Under Iowa law, it covers "sex act[s]" done "by force or against the will of" another person, with someone who cannot consent, or with a child. Iowa Code § 709.1. Despite the differing language, we have held that the two definitions are close enough. The reason is that "sex act[s]" by force or against the will of someone else, *id.*, necessarily involve "physical . . . misuse or maltreatment," *Sonnenberg*, 556 F.3d at 671 (citation omitted), meaning "the full range of conduct" covered by the Iowa statute "fits squarely within" the generic federal definition.[2] *United States v. Cover*, 703 F.3d 477, 481 (8th Cir. 2013) (citation omitted).

Carrillo Topete urges us to replace the generic definition with a specific one found in another federal statute defining the crime of "sexual abuse." *See* 18 U.S.C. §§ 2242, 2246(2) (covering fewer "sexual act[s]" than the Iowa law). More than just similar labels, however, are ordinarily required to import the definition of a term or phrase from one chapter of the U.S. Code to another. *See Sonnenberg*, 556 F.3d at 670 (discussing the absence of cross-references). Binding "circuit precedent" making exactly that point, in fact, "forecloses his argument." *Krebs*, 830 F.3d at 802 (refusing to reconsider our precedent).

---

[2]As for any potential mismatch between the reference to "sexual gratification" in the federal definition, *Sonnenberg*, 556 F.3d at 671, and the absence of a sexual-purpose requirement in Iowa, *see State v. Montgomery*, 966 N.W.2d 641, 650–51 (Iowa 2021); Iowa Code § 702.17(3) (2018) (exempting licensed professionals performing medical examinations and treatment), Carrillo Topete has waived the argument by not raising it on appeal. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004).

A second reason Carrillo Topete's Iowa crime fits is that eligibility for the mandatory minimum does not require an "exact[]" statutory match. *United States v. Mayokok*, 854 F.3d 987, 992–93 (8th Cir. 2017) (citations omitted). Rather than use a "concrete" verb like "is," it uses the looser modifier "relating to." *Id.* at 993 n.2. This "broad[er]" phrase extends the reach of the statute to "a wider range of prior convictions." *Id.* at 993 & n.2; *see Sonnenberg*, 556 F.3d at 671 (reasoning that Congress must have "chose[n] the words 'relating to' for a purpose" (citation omitted)); *see also, e.g.*, *The American Heritage Dictionary of the English Language* 1482 (5th ed. 2016) (defining "relate" as "[t]o have connection, relation, or reference"); *Webster's Third New International Dictionary* 1916 (2002) (defining it as "to be in relationship" or "have reference").

Not much widening is necessary to reach Carrillo Topete's assault conviction. *See Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 390 (1992) (interpreting the same phrase in another statute and "express[ing] no views about where" exactly "to draw the line" because the case "plainly d[id] not present a borderline question" (citation omitted)). A person guilty of that crime does not have to commit sexual abuse, just "inten[d] to" do it. Iowa Code § 709.11. And that intent creates the necessary relationship: by definition, the assault had to have been committed with the goal of committing sexual abuse. *See American Heritage Dictionary*, *supra*, at 1482 (defining "relation" to include "[a] logical . . . association"); *Webster's Third*, *supra*, at 1916 (including "a logical bond"); *see also United States v. Weis*, 487 F.3d 1148, 1152 (8th Cir. 2007) (suggesting that the "mens rea [of intent] demonstrates the offense is one 'relating to' sexual abuse").[3] In that way, it resembles another

---

[3]Although later cases handle the categorical approach differently, *see, e.g.*, *Descamps v. United States*, 570 U.S. 254, 265 (2013) (emphasizing that courts cannot consider *how* a defendant committed a crime, just *which* crime he committed), we agree with how *Weis* came out and reaffirm its holding today.

crime, an attempt to commit sexual abuse, which requires the same specific intent and a substantial step toward completion of the crime. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007). An assault *is* a substantial step, so if the latter "clearly" relates to sexual abuse, *United States v. Stults*, 575 F.3d 834, 846 (8th Cir. 2009), the former must too.

III.

We accordingly affirm the judgment of the district court.

_____