# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2299
_____

United States of America

*Plaintiff - Appellee*

v.

Joel Grogan Zigler

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: December 14, 2012
Filed: February 12, 2013

_____

Before LOKEN, BRIGHT, and COLLOTON, Circuit Judges.

_____

BRIGHT, Circuit Judge.

Joel Grogan Zigler pled guilty to production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). At sentencing, the district court[1] determined that Zigler's 1988 Minnesota conviction for attempted use of a minor in a sexual

_____

[1]The Honorable Susan R. Nelson, United States District Court Judge for the District of Minnesota.

performance qualifies as a predicate offense for purposes of a mandatory minimum sentencing enhancement under section 2251(e). Zigler argues that his prior conviction does not qualify as a predicate offense under section 2251(e) and challenges his sentence other grounds.[2] We affirm the sentence as a mandatory minimum.

## I.

On September 21, 2011, a federal grand jury indicted Zigler with two counts of production of child pornography in violation of 18 U.S.C. § 2251(a) and (e). Zigler pled guilty to count one of the two-count indictment for using A.W., a minor, to engage in "sexually explicit conduct for the purpose of producing [a] visual depiction of such conduct." 18 U.S.C. § 2251(a). The district court concluded that Zigler's 1988 conviction for attempted use of a minor in a sexual performance, in violation of Minnesota Statutes section 617.246, subd. 2, qualifies as a predicate offense for purposes of a mandatory minimum sentencing enhancement under section 2251(e). Applying the mandatory minimum set forth in section 2251(e), the district court sentenced Zigler to 300 months (25 years) in prison.

Zigler appeals the district court's judgment.

---

[2]Because we conclude that Zigler's 1988 Minnesota conviction constitutes a predicate offense for purposes of a mandatory minimum sentencing enhancement under section 2251(e), we need not discuss Zigler's contention that his 1988 Minnesota conviction is not a sex offense conviction that warrants an increased guidelines range pursuant to Sentencing Guidelines § 4B1.5(a) or (b) or his argument that the district court may disregard the guidelines range in arriving at a reasonable sentence.

**II.**

"We review *de novo* the district court's use of prior convictions for sentencing enhancement purposes." *United States v. Lockwood*, 446 F.3d 825, 827 (8th Cir. 2006).

A defendant convicted of violating section 2251(a) faces a mandatory minimum sentence of fifteen years in prison. 18 U.S.C. § 2251 (e). But if the defendant has a prior conviction "under the laws of any State relating to . . . the production . . . of child pornography," the mandatory minimum sentence increases to twenty-five years. *Id.* "The phrase 'relating to' carries a broad ordinary meaning, i.e., to stand in some relation to; to have bearing or concern; to pertain; refer; to bring into association or connection with." *United States v. Sonnenberg*, 556 F.3d 667, 671 (8th Cir. 2009) (internal quotations and citations omitted). We give other terms their ordinary meaning. *See Perrin v. United States*, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning.")

> To determine whether [a] prior offense qualifies as a predicate offense for the purpose of a sentence enhancement, federal courts apply a categorical approach. Under this approach, the sentencing court looks to the fact of conviction and the statutory definition of the prior offense and determines whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence.

*Sonnenberg*, 556 F.3d at 669-70 (internal citations omitted). By using the categorical approach, we do not consider the particular offender's specific conduct. *See United States v. Williams*, 627 F.3d 324, 327 (8th Cir. 2010).

At the time of Zigler's 1988 conviction, section 617.246, subd. 2, stated, in relevant part:

> It is unlawful for a person to promote, employ, use or permit a minor to engage in or assist others to engage in posing or modeling alone or with others in any sexual performance if the person knows or has reason to know that the conduct intended is a sexual performance.[3]

Minn. Stat. § 617.246, subd. 2 (1988). Looking to Zigler's 1988 conviction and the statutory definition of his offense, the question therefore is whether the full range of conduct encompassed by section 617.246, subd. 2 "relat[es] to . . . the production . . . of child pornography." 18 U.S.C. § 2251(e).

Zigler contends section 617.246, subd. 2, proscribes conduct that does not relate to the production of child pornography and therefore the full range of conduct prohibited does not qualify to enhance the sentence. However, Zigler incorrectly directs his contention to the current version of section 617.246, subd. 2, rather than the 1988 version in effect at the time of his conviction. *See Lockwood*, 446 F.3d at 827-28 (looking to the statutory language in effect at the time of the prior conviction to determine whether defendant's prior conviction qualified as a predicate offense warranting a sentence enhancement). Zigler's contention focuses on the definition of "pornographic work," a term found in the current version of section 617.246, subd. 2, but not in the 1988 version. Minn. Stat. § 617.246, subd. 2 (1988). The 1988 version of the statute relevant to our analysis here does not contain the term "pornographic work," and as such, Zigler's overbreadth argument fails.

---

[3]Section 617.246, subd. 1, defines "sexual performance" as "any play, dance or other exhibition presented before an audience or for purposes of visual or mechanical reproduction which depicts sexual conduct as defined by clause (e)." Minn. Stat. § 617.246, subd. 1 (1988). Clause (e) sets forth a list of what is considered prohibited sexual conduct, including "masturbation or lewd exhibitions of the genitals." *Id.*

As we read section 617.246, subd. 2, the full range of conduct proscribed would constitute conduct that qualifies as a predicate offense because it stands in some relation to the production of child pornography. On its face, the Minnesota statute requires the use of a minor, posing or modeling in any sexual performance, and knowledge that the conduct intended was a sexual performance. Where all elements are present, the criminalized conduct necessarily "relat[es] to" the production of child pornography. Therefore, Zigler's 1988 state conviction effectively triggered the increased mandatory minimum of twenty-five years pursuant to section 2251(e).

## III.

We affirm the district court's judgment.

_____