# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-3122

_____

United States of America

*Plaintiff - Appellee*

v.

Christian Hansen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: September 27, 2019
Filed: December 6, 2019

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

LOKEN, Circuit Judge.

After a jury convicted Christian Hansen of eight child pornography offenses and one count of sexually exploiting a child while required to register as a sex offender, the district court[1] sentenced Hansen to 600 months imprisonment followed

---

[1]The Honorable Leonard T. Strand, Chief Judge of the United States District Court for the Northern District of Iowa.

by a life term of supervised release. Hansen appeals, arguing the district court erred in enhancing his sentence on one count for a prior state conviction, and in upholding his conviction on a child pornography possession count that violates the Double Jeopardy Clause. Reviewing these issues de novo, we affirm. See United States v. Zigler, 708 F.3d 994, 996 (8th Cir. 2013) (sentence enhancement issue); Padavich v. Thalacker, 162 F.3d 521, 522 (8th Cir. 1998) (double jeopardy issue).

A Homeland Security investigation revealed that Hansen possessed, received, and distributed child pornography, which he did not deny at trial. The investigation uncovered twelve photos Hansen took of his infant daughter, I.H., three of which exposed her genitalia. Count 1 accused Hansen of sexual exploitation of I.H. for the production and distribution of child pornography in violation of 18 U.S.C. § 2251(a). The trial centered on these photos, which Hansen contended he took for non-pornographic reasons. There was evidence Hansen distributed the images in order to receive child pornography. The jury convicted him of Count 1, finding that two of the three images were child pornography. He was also convicted of Count 2, sexually exploiting the child while being required to register as a sex offender in violation of 18 U.S.C. § 2260A, and seven additional uncontested counts: one count of distributing and one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2) (Counts 3 and 4), and five counts of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts 5 to 9). Hansen moved for judgment of acquittal of Count 5, possession of the two child pornography images of I.H., arguing that conviction violates the Double Jeopardy Clause because Count 5 is a lesser-included offense of the Count 1 sexual exploitation offense.

The district court denied Hansen's acquittal motion and sentenced him to concurrent terms of 480 months for the exploitation, distribution, and receipt offenses, a mandatory consecutive term of 120 months for the exploitation-while-required-to-register offense, and concurrent terms of 240 months for each of the five possession offenses.

## I. The Sentence Enhancement Issue.

For a child exploitation violation of 18 U.S.C. § 2251(a), such as Hansen's conviction of Count 1, § 2251(e) increases the authorized sentence range from 15 to 30 years, to 25 to 50 years, if the defendant has a prior conviction under an enumerated federal offense "or under the laws of any State relating to . . . the production, possession, receipt, mailing, sale, distribution, shipment or transportation of child pornography." Overruling Hansen's objection, the district court imposed this enhancement based on its determination that Hansen's 2011 conviction for violating section 28-813.01(1) of the Nebraska Revised Statutes "relat[ed] to the possession of child pornography." Hansen renews this objection on appeal.

To determine whether this Nebraska conviction qualifies as a predicate § 2251(e) offense, a federal court applies the familiar categorical approach, looking to "the statutory definition of the prior offense" to determine "whether the full range of conduct encompassed by the state statute qualifies to enhance the sentence." United States v. Sonnenberg, 556 F.3d 667, 670 (8th Cir. 2009). Because § 2251(e) "incorporates state offenses by language other than a reference to generic crimes . . . the inquiry is focused on applying the ordinary meaning of the words used in the federal law to the statutory definition of the prior state offense." United States v. Boleyn, 929 F.3d 932, 936 (8th Cir. 2019).

The Nebraska statutes define "sexually explicit conduct" more broadly than the terms "child pornography" and "sexually explicit conduct" are defined in Chapter 110 of the United States Code. Compare Neb. Rev. Stat. § 28-1463.02(5) (2009), with 18 U.S.C. § 2256(2)(B) and (8). The district court nonetheless determined that Hansen's Nebraska conviction for three counts of "knowingly possess[ing] any visual depiction of sexually explicit conduct . . . which has a child . . . as one of its participants or portrayed observers" was a conviction "relating to the possession of child

-3-

pornography" within the meaning of § 2251(e) "under the reasoning in" United States v. Mayokok, 854 F.3d 987 (8th Cir. 2017).

In Mayokok, the defendant argued that his prior conviction under Minnesota law for possessing a "pornographic work" did not trigger the similarly worded enhancement in 18 U.S.C. § 2252(b)(1) because the Minnesota statute defined child pornography more broadly than federal law. 854 F.3d at 992-93. Applying the categorical approach, we held that the enhancement applied because "the full range of conduct proscribed under [the Minnesota statute] *relates to* the 'possession . . . of child pornography' as that term is defined under federal law," even though "one can conjure scenarios that violate one statute but not the other." Id. at 992-993; cf. Boleyn, 929 F.3d at 937-38 (it is irrelevant in applying the expansive term "relating to" in 21 U.S.C. § 802(44) whether state law defined aiding and abetting liability more broadly than federal law).

On appeal, Hansen argues that Mayokok is both distinguishable -- because it dealt with a different statutory enhancement -- and wrongly decided -- because it failed to give proper heed to the Supreme Court's warning that while the phrase "relating to" is broad and indeterminate, courts cannot extend the term "to the furthest stretch of [] indeterminacy." Mellouli v. Lynch, 135 S. Ct. 1980, 1990 (2015). This argument exposes an apparent conflict among our sister circuits. Compare United States v. Bennett, 823 F.3d 1316, 1322-25 (10th Cir. 2016), which reached the same decision as Mayokok and distinguished the use of "relating to" in 18 U.S.C. § 2252A(b)(2) from the entirely different statute at issue in Mellouli, with United States v. Reinhart, 893 F.3d 606, 615 & n.4 (9th Cir. 2018), which relied on Mellouli in reaching a conclusion contrary to our decision in Mayokok.

We conclude we need not enter this fray, or even decide whether Mayokok is a controlling precedent for our panel, because our careful review of the sentencing record establishes that any error by the district court in imposing the § 2251(e)

enhancement was harmless. Hansen's Presentence Investigation Report determined, without objection, that his advisory guidelines range for Counts 1 and 3 through 9 is life, based on a total offense level of 43 and Criminal History Category II. Because the statutory maximum for each count was less than life, this determination triggered the multiple-count consecutive sentencing provisions of USSG § 5G1.2(d): "[I]f the highest statutory maximum is less than the total punishment . . . then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." United States v. Evans, 314 F.3d 329, 331-32 (8th Cir. 2002) (quotation omitted), cert. denied, 539 U.S. 916 (2003); see United States v. McLeod, 251 F.3d 78, 83 (2d Cir.), cert. denied, 534 U.S. 935 (2001).[2]

Early in the sentencing hearing, the district court ruled that the § 2251(e) enhancement applies and therefore "for Count 1 the statutory sentencing range . . . is 25 to 50 years." The court added:

> I will note for the record . . . that affects . . . both the statutory sentencing range and then, because of the way the guidelines work, it affects the guideline range. That finding is not going to affect the ultimate sentence I impose in this case. We'll talk about that more later.

Near the end of the hearing, after Hansen's allocution, the court explained at length the sentence it was imposing after considering the § 3553(a) factors. The court first stated that the advisory range of 2,880 months, determined by stacking the nine statutory maximum sentences under USSG § 5G1.2(d), "is excessive." The court then

---

[2]Evans and McLeod were decided when the Guidelines were mandatory. The methodology prescribed in § 5G1.2(d) did not change after the Guidelines became advisory, but "total punishment" now refers to the sentence the district court imposes under the advisory guidelines after taking into account the sentencing factors in 18 U.S.C. § 3553(a). See United States v. Betcher, 534 F.3d 820, 823 (8th Cir. 2008).

addressed the individual offenses. The Count 1 sexual exploitation offense of trading his infant daughter's photos on the internet for child pornography was "behavior worthy of being punished," but "there was no evidence that Mr. Hansen abused his daughter," so his child exploitation offense "could have been worse." Count 2 mandated a consecutive ten years. The receipt, distribution, and possession counts involved "a total of 29 unique images or videos," and Hansen had a prior Nebraska conviction for possessing depictions of "sexually explicit activity involving a child." In addition, the court found that Hansen engaged in sexual misconduct while in pretrial custody. The court concluded: "So I am going to vary downward, but I do find a sentence of 600 months is sufficient but not greater than necessary." The court then explained how it constructed the multi-count sentence:

> So it's going to be 40 years or 480 months on Count 1, and then a consecutive term of 120 months on Count 2 because the law requires Count 2 to be consecutive to Count 1. For all of the other counts, it will be the maximum term, so Counts 3 and 4, it will be 40 years, and Counts 5 through 9, it will be 20 years, and they'll all run concurrent to the sentence in Count 1, which is 40 years.

Defense counsel agreed "that those are the correct incarceration terms for each of the 9 counts."

On appeal, Hansen does not challenge the district court's "total punishment" of 600 months as substantively unreasonable. If we were to sustain Hansen's appeal of the § 2251(e) enhancement, we would remand for resentencing. On remand, USSG § 5G1.2(d) would still govern the multi-count resentencing. Now, under § 5G1.2(d), the statutory maximum on Count 1 would be reduced from 50 years to 30 years. But the highest statutory maximum would still be 40 years (either Count 3 or Count 4). Count 2 would no longer mandate a consecutive 10 years, see 18 U.S.C. § 2260A, so the first 10 years of the other § 2252(a)(2) Count would be imposed consecutively to reach the total punishment of 50 years. The rest of the sentence on that Count, and

the maximum sentences on the remaining counts, including Counts 1 and 2, would be imposed concurrently. Along with the district court's clear statement that the § 2251(e) "finding is not going to affect the ultimate sentence I impose," the record establishes a clear example of harmless error. See United States v. Diaz, 296 F.3d 680, 684 (8th Cir. 2002) (en banc); United States v. Hernandez, 330 F.3d 964, 982-984 & n.15 (7th Cir. 2003).[3]

Though § 2251(e) is a statutory enhancement, it had an insubstantial impact on the calculation of Hansen's total advisory guidelines sentence under § 5G1.2(d) and no impact on the district court's determination of the total punishment to be imposed under 18 U.S.C. § 3553(a). Thus, the impact of this alleged error is no different than the impact of the challenged child pornography guideline enhancements deemed to be harmless error in United States v. Stong, 773 F.3d 920, 925-26 (8th Cir. 2014), and in United States v. Shuler, 598 F.3d 444, 449 (8th Cir.), cert. denied, 560 U.S. 975 (2010).

## II. The Double Jeopardy Issue.

One of the distinct purposes of the Double Jeopardy Clause is to "protect[] against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969). If "the same act or transaction constitutes a violation of two

---

[3]The government inexplicably did not argue harmless error on appeal. But the issue was raised and decided by the district court at sentencing, and the court developed an adequate record to support its decision on this alternative ground. We may always affirm on any ground supported by the district court record. See Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990). Thus, it was incumbent on Hansen to challenge the district court's alternative ground on appeal. Moreover, we will undertake harmless error analysis *sua sponte* when, as in this case, our review of a "rather straightforward record" warrants a harmless error ruling that is "beyond reasonable argument" and "will prevent an expensive and futile remand." Lufkins v. Leapley, 965 F.2d 1477, 1482 (8th Cir. 1992).

distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). This test "is concerned solely with the statutory elements of the offenses charged." Grady v. Corbin, 495 U.S. 508, 521 n.12 (1990). In applying this test, the Double Jeopardy Clause will bar one of the two convictions if one is a lesser-included offense of the other. See Rutledge v. United States, 517 U.S. 292, 300 (1996) (conspiracy and continuing criminal enterprise); United States v. Muhlenbruch, 634 F.3d 987, 1003 (8th Cir. 2011) (child pornography receipt and possession).

The jury convicted Hansen of the Count 1 sexual exploitation charge because he produced and distributed two sexually explicit images of I.H. The jury convicted him of the Count 5 possession offense because he possessed the same images during the same time period. Hansen filed a post-trial motion for judgment of acquittal on Count 5, arguing it is a lesser-included offense of Count 1. The district court denied the motion because each offense required proof of a fact the other did not -- the exploitation offense required proof Hansen used a minor to produce child pornography, 18 U.S.C. § 2251(a), and the possession offense required proof he knowingly possessed child pornography, 18 U.S.C. § 2252A(a)(5)(B). Prior to oral argument, we squarely upheld this reasoning. See United States v. Gomez-Diaz, 911 F.3d 931, 934 (8th Cir. 2018) ("Possession of child pornography includes at least one element that production of child pornography does not: possession."); accord United States v. Kniffley, 729 F. App'x 406, 411 (6th Cir. 2018).

On appeal, Hansen does not contest the district court's statutory analysis. Instead, he argues that this case falls within a "limited exception[]" to Blockburger "where precisely the same conduct forms the basis for two separate offenses," citing Harris v. Oklahoma, 433 U.S. 682 (1977), and Ashe v. Swenson, 397 U.S. 436 (1970). We disagree. Those decisions involved a distinct purpose of the Double Jeopardy Clause, to "protect[] against a second prosecution for the same offense."

Pearce, 395 U.S. at 717. In Grady v. Corbin, the Supreme Court applied Harris and Ashe in fashioning a "same-conduct" test that does not "rel[y] exclusively on the Blockburger test to vindicate the Double Jeopardy Clause's protection against multiple prosecutions." 495 U.S. at 519. However, three years later, a badly-fractured Court overruled the same-conduct test in multiple prosecution cases. United States v. Dixon, 509 U.S. 688, 703-12 (1993). Dixon confirms that, when the double jeopardy claim is that multiple punishments were imposed in the same prosecution, as in this case, Blockburger is the governing test.

Hansen further argues that his convictions of Counts 1 and 5 violate the "merged offenses" doctrine in United States v. Gore, which precludes multiple punishments for multiple violations of 21 U.S.C. § 841(a)(1), an analysis based on congressional intent reflected in that statute. 154 F.3d 34, 44-47 (2d Cir. 1998); see United States v. Mendoza, 902 F.2d 693, 697 (8th Cir. 1990). Hansen did not raise this issue in the district court, so it was not properly preserved. Nor has he made any showing that Congress intended a merger of punishments when it prohibited child pornography possession and the sexual exploitation of children *in separate statutes*.

### III. Conclusion.

For the foregoing reasons, the judgment of the district court is affirmed.

_____