# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-3122

_____

United States of America

*Plaintiff - Appellee*

v.

Christian Hansen

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Filed: January 14, 2020
[Published]

_____

Before LOKEN, COLLOTON, and KOBES, Circuit Judges.

_____

PER CURIAM.

In <u>United States v. Hansen</u>, 944 F.3d 718 (8th Cir. 2019), we affirmed the judgment sentencing Christian Hansen to 600 months imprisonment after a jury convicted him of sexual exploitation of a minor, exploiting a minor while being required to register as a sex offender, two counts of distributing and receiving child pornography, and five counts of possessing child pornography. On appeal, Hansen primarily argued the district court erred in enhancing his sentence on Count One, the

child exploitation offense, because a prior Nebraska conviction did not "relat[e] to the possession of child pornography" within the meaning of 18 U.S.C. § 2251(e). We declined to address that question, concluding any error was harmless: at sentencing, the district court expressly stated that the § 2251(e) enhancement "is not going to affect the ultimate sentence I impose," determined that the advisory guidelines range for the nine counts under the multiple-count consecutive sentencing provisions of USSG § 5G1.2(d) was 2,880 months, varied downward from that maximum, and found that "a sentence of 600 months is sufficient but not greater than necessary."

Hansen petitions for panel rehearing. He argues that we should grant rehearing because "the crux of the panel's harmless error analysis -- that 'the highest statutory maximum would still be 40 years' -- overlooks a significant and highly relevant fact that defense counsel failed to appropriately bring to the panel's attention: that Counts Three through Nine are infected by precisely the same legal infirmity that Hansen asserts with respect to Count One." Therefore, he posits, "[i]f the panel declines rehearing, Hansen will be required to pursue relief under 28 U.S.C. § 2255."

We deny the petition for rehearing. First, "the crux" of our harmless error analysis was not that the highest statutory maximum was 40 years if the maximum on Count One was reduced from 50 to 30 years. The district court properly determined that the advisory range under USSG § 5G1.2(d) greatly exceeded the 600 month sentence it imposed. Any error was harmless, we concluded, because that remained true even if the statutory maximum for Count One was reduced by eliminating the § 2251(e) enhancement. In reaching that conclusion, we took into account that the statutory maximum might also need to be reduced for Counts 3 and 4 from 40 years to 20. We did not include that in our opinion because there was no need to do so. Any enhancement issue regarding Counts Three and Four had been forfeited by Hansen in the district court and on appeal. Even if considered, it would not materially affect the § 5G1.2(d) analysis because the revised guidelines maximum if the enhancement did not apply to these counts would be 2,160 months, more than three

times the sentence imposed. And the record provided no reason to believe that this additional reduction would have affected the district court's decision that the enhancement "is not going to affect the ultimate sentence I impose." Because Hansen forfeited any objection on Counts 3 and 4, the district court had no reason to state specifically that the statutory maximum on those counts did not affect the ultimate sentence. Thus, the issue first raised in the petition for rehearing does not warrant rehearing and would afford no basis for § 2255 relief.

_____