# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-2871

_____

United States of America

*Plaintiff - Appellee*

v.

Ryndale Buckhanan

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central

_____

Submitted: September 20, 2021
Filed: January 26, 2022
[Unpublished]

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

PER CURIAM.

Ryndale Buckhanan pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). After concluding that Buckhanan qualified as an armed career criminal under the Armed Career Criminal Act

(ACCA), 18 U.S.C. § 924(e), the district court[1] sentenced him to 188 months in prison. Buckhanan moved to correct his sentence, arguing that his conviction for Arkansas residential burglary didn't count as an ACCA predicate offense. We agreed. Buckhanan v. United States, 727 F. App'x 227 (8th Cir. 2018) (per curiam). On remand, the district court reduced Buckhanan's sentence and imposed a three-year term of supervised release, to begin the next day.

The government appealed that sentence reduction. Considering the Supreme Court's decision in United States v. Stitt, 139 S.Ct. 399 (2018), we reversed and held that Arkansas residential burglary qualifies as a crime of violence under ACCA. Daniels v. United States, 806 F. App'x 493, 494 (8th Cir. 2020) (per curiam). We remanded to the district court for proceedings consistent with that opinion.

Before the district court could amend its sentence, however, Buckhanan violated the terms of his supervised release. The Government moved to revoke Buckhanan's supervised release and remand him to BOP custody. After a revocation hearing, the district court sentenced Buckhanan to 60 months in prison and three years of supervised release.

Buckhanan now appeals that revocation. He argues that his 60-month sentence was illegal because he wasn't an armed career criminal at the time of sentencing. If a defendant is an armed career criminal, violation of the terms of supervised release is a Class A felony punishable by five years in prison. If a defendant is not an armed career criminal, however, it is a Class C felony punishable by only two years in prison. Even though we decided Daniels before Buckhanan was sentenced, the district court had yet to amend its judgment to comply with our decision. This mistake of timing, Buckhanan claims, makes his sentence invalid.

---

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

But any potential error was harmless.  Buckhanan essentially argues that the district court's order of operations was incorrect—it should have *first* amended his underlying sentence and *then* imposed the 60-month sentence.  But even if that's true, it's harmless.  If we were to vacate and remand, the district court would simply amend Buckhanan's underlying judgment and reimpose his 60-month sentence.  In cases such as these, we "undertake harmless error analysis *sua sponte*" to "prevent an expensive and futile remand."  United States v. Hansen, 944 F.3d 718, 724 n.3 (8th Cir. 2019) (citation omitted).[2]  We accordingly affirm.

_____

[2]The *Ex Post Facto* Clause of the Constitution is not implicated in this case. Our decision in Daniels was published before Buckhanan violated the terms of his parole, so he had ample notice of his changed legal status.  And in any case, courts do not violate the *Ex Post Facto* clause by engaging in the "routine exercise of common law decisionmaking in which [a] court br[ings] the law into conformity with reason and common sense."  Rogers v. Tennessee, 532 U.S. 451, 467 (2001) (holding that court's abrogation of the common law "year and a day" rule for murder was not a violation of the *Ex Post Facto* clause).