United States Court of Appeals

For the Eighth Circuit
_____

No. 20-3388
_____

United States of America

*Plaintiff - Appellee*

v.

John Edwin Kuhnel

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: October 22, 2021
Filed: February 2, 2022
_____

Before ERICKSON, GRASZ, and STRAS, Circuit Judges.
_____

ERICKSON, Circuit Judge.

After a bench trial, the district court convicted John Kuhnel of receipt and possession of child pornography. On appeal, Kuhnel challenges the search of his vehicle by his supervising probation officer and the sufficiency of the evidence for the receipt convictions. Kuhnel raises additional arguments in a *pro se* supplemental

brief, including that his possession convictions violate the Double Jeopardy Clause.[1] We affirm in part and remand with instructions.

## I.     BACKGROUND

In 2010, Kuhnel was convicted of second-degree criminal sexual conduct in Minnesota state court for sexually abusing Victim G, a preschool-aged child. The state court stayed the sentence and placed Kuhnel on probation. Kuhnel signed a plea document acknowledging he would be subject to a mandatory conditional release period of 10 years because he committed a qualifying sex offense. Terms of conditional release under Minnesota law "may include successful completion of treatment . . . and any other conditions the [Minnesota Department of Corrections] commissioner considers appropriate." Minn. Stat. § 609.3455, subd. 8(b).

The state court revoked Kuhnel's probation and sentenced him to a 36-month term of imprisonment. Consistent with Minnesota practice, Kuhnel served two-thirds of his sentence in a correctional facility and the remaining year on supervised release. The conditional release period began to run when Kuhnel was released from prison. See id., subd. 6.

The week before leaving confinement, on August 27, 2014, Kuhnel signed a conditions of release form. A line near the top stated, "Release Status: Supervised Release(SR)." A handwritten notation designated the termination date as September 2, 2024. The conditions prohibited Kuhnel from possessing sexually explicit material, accessing the internet or electronic devices without permission, using nonapproved social media or chat websites, and consuming alcohol or drugs. A standard condition required Kuhnel to "submit at any time to an unannounced visit and/or search of the offender's person, vehicle or premises by the agent/designee."

---

[1]Although "we typically do not consider *pro se* submissions when an appellant is represented by counsel," United States v. Cheney, 571 F.3d 764, 767 n.3 (8th Cir. 2009), we granted Kuhnel leave to file a supplemental brief.

Probation Officer Brian James was assigned to supervise Kuhnel. Kuhnel secured employment in the information technology field and received permission to have a cell phone and a laptop for work. Officer James used monitoring software to track Kuhnel's activity on his electronic devices and email accounts.

In November 2016, Officer James became concerned that Kuhnel was violating his release conditions when he discovered emails indicating Kuhnel had accessed unauthorized websites including Facebook and Craigslist. A coworker also told Officer James he had seen Kuhnel drinking alcohol in a bar.

Officer James instructed Kuhnel to meet with him at the probation office on November 29, 2016. Shortly before Kuhnel arrived for the meeting, Officer James observed that he had signed into his email account from an unrecognized device. During the meeting, Kuhnel admitted to drinking alcohol and using his work laptop to access prohibited websites.

In light of the admissions and observations, Officer James and two other probation officers decided to search Kuhnel's vehicle. Kuhnel accompanied the officers to the parking lot, opened the vehicle, and admitted he had electronic devices inside when asked. The probation officers discovered the authorized work laptop and another laptop that Kuhnel falsely claimed belonged to his employer's client.

Officer James sent the purported client laptop to the Minneapolis Police Department for a full search pursuant to a warrant. The search uncovered more than 33,000 child pornography files. Kuhnel downloaded the files through subscription-based online message boards known as Usenet newsgroups. In January 2016, Kuhnel downloaded thousands of child pornography files using a newsgroups program called Forte. He moved most of those files into a folder labelled "Keep," which had more than 30 subfolders. The subfolders' names suggested they contained child pornography. Examples included "Kids Index," "PTHC" (a common acronym for "pre-teen hardcore"), and the name of a minor victim in a known child pornography series. In August 2016, Kuhnel downloaded additional

child pornography files from Newsleecher, a separate newsgroups service. He programmed those downloads to populate in a folder entitled "DarkNet." While using Newsleecher, Kuhnel entered search terms such as "Daddyy," "Russian teen," and "Incezt." In one instance, Kuhnel downloaded a picture of Victim G from Facebook and transposed the minor's face onto a child pornography image.

A superseding indictment ultimately charged Kuhnel with nine counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2); and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). Kuhnel unsuccessfully moved to suppress the evidence obtained from the seizure of the laptop. He subsequently elected to represent himself and filed numerous *pro se* motions. These motions included a motion to reopen the suppression record, alleging his attorney neglected to inform him of his right to testify at the hearing. He also asserted double jeopardy violations and sought dismissal of various counts of the superseding indictment. The district court denied the motions.

Kuhnel proceeded to a bench trial. The district court found him guilty on each count of the superseding indictment and issued findings of fact and conclusions of law. Kuhnel unsuccessfully filed post-trial motions for judgment of acquittal. The district court sentenced Kuhnel to a term of 204 months' imprisonment on all counts to run concurrently with 15 years of supervised release to follow.

## II.    DISCUSSION

Kuhnel presents three primary arguments on appeal: (1) the district court erred in denying his motion to suppress, (2) the evidence was insufficient to support his convictions for receipt of child pornography, and (3) his convictions for possession of child pornography are in violation of the United States Constitution's prohibition of double jeopardy. We address each issue in turn.

## A.     Vehicle Search

We review the denial of a motion to suppress under a mixed standard, with factual findings reviewed for clear error and legal conclusions reviewed *de novo*. United States v. Holly, 983 F.3d 361, 363 (8th Cir. 2020).  The Fourth Amendment protects against unreasonable searches and seizures of a person's papers and effects. U.S. Const. amend. IV.  "[T]he reasonableness of a search is determined 'by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests.'" United States v. Knights, 534 U.S. 112, 118-19 (2001) (quoting Wyoming v. Houghton, 526 U.S. 295, 300 (1999)).  An individual subject to a court-ordered search condition retains a "significantly diminished . . . reasonable expectation of privacy." Id. at 120.

Kuhnel contends that the district court's factual determination that he knew a search condition applied to him at the time the probation officers seized his laptop is contrary to the evidence.  Notice of the search condition is a "salient" factor for assessing the reasonableness of a search.  Samson v. California, 547 U.S. 843, 852 (2006).  Kuhnel maintains that because the signed conditions of release form specified his status as "Supervised Release(SR)," he reasonably believed that the search condition only applied to his initial one-year supervised release period and that the provision expired before the vehicle search.

Kuhnel's claim is contrary to the record.  The district court found Officer James' testimony at the suppression hearing credible and concluded that Kuhnel was aware that the supervised and conditional release periods ran concurrently and carried the same conditions effective through September 2, 2024.  The district court also found that Officer James discussed the release conditions with Kuhnel on multiple occasions.  Under these circumstances, we find no clear error by the district court in determining Kuhnel had knowledge of the search condition.  It follows that the vehicle search was reasonable and permissible even in the absence of suspicion. See United States v. Jackson, 866 F.3d 982, 985 (8th Cir. 2017).

Even assuming reasonable suspicion was applicable, the probation officers had sound justifications to search Kuhnel's vehicle. "Reasonable suspicion exists when, considering the totality of the circumstances known to the officer at the time, the officer has a particularized and objective basis for suspecting wrongdoing." United States v. Hamilton, 591 F.3d 1017, 1022 (8th Cir. 2010). Kuhnel admitted to viewing prohibited websites on the authorized work laptop that he told Officer James was in his vehicle. In addition, Officer James noticed Kuhnel had accessed his email account from an unrecognized device just prior to their meeting, leading him to believe the device might be nearby. The probation officers had objective bases to suspect Kuhnel's vehicle contained evidence of release violations, and the district court properly denied the motion to suppress.

Kuhnel next contends that the district court erroneously denied his motion to reopen the suppression record based on his attorney's alleged failure to inform him of his right to testify at the hearing. We construe that argument as an ineffective assistance of counsel claim, which we consider "on direct appeal only where the record has been fully developed, where not to act would amount to a plain miscarriage of justice, or where counsel's error is readily apparent." United States v. Ramirez-Hernandez, 449 F.3d 824, 827 (8th Cir. 2006). None of those exceptions apply here. We decline to adjudicate Kuhnel's premature ineffective assistance of counsel claim.

## B.    Receipt Convictions

When reviewing the sufficiency of the evidence after a bench trial, we use the same standard applicable to a jury verdict. United States v. Morris, 791 F.3d 910, 913 (8th Cir. 2015). That is, we view the evidence in the light most favorable to the government and draw all reasonable inferences in favor of the verdict. United States v. White, 962 F.3d 1052, 1055 (8th Cir. 2020). "We avoid reweighing the evidence or assessing the credibility of the witnesses, and reversal is warranted only if no reasonable [factfinder] could have found guilt beyond a reasonable doubt." United States v. Mabery, 686 F.3d 591, 598 (8th Cir. 2012).

Kuhnel concedes he possessed child pornography but asserts he mistakenly received the images while trying to mass download adult pornography. See United States v. Wheelock, 772 F.3d 825, 831 (8th Cir. 2014) ("The fact that a knowing possessor received . . . [child] pornography does not necessarily mean he did so 'knowingly.'"). "A person 'knowingly receives' child pornography under 18 U.S.C. § [2252(a)(2)] when he intentionally views, acquires, or accepts child pornography on a computer from an outside source." United States v. Croghan, 973 F.3d 809, 826 (8th Cir. 2020) (emphasis omitted) (quoting United States v. Pruitt, 638 F.3d 763, 766 (11th Cir. 2011) (per curiam)). The names of the newsgroups Kuhnel subscribed to and the individual files he downloaded made plain they would result in the acquisition of child pornography. Kuhnel's use of search terms related to child pornography and his organization of the downloaded files into dozens of user-created folders also denoted his intent to receive the illicit images. See United States v. Morrissey, 895 F.3d 541, 549-50 (8th Cir. 2018) (finding sufficient evidence for receipt conviction where child pornography files were downloaded from websites and stored in a folder that indicated user interaction). Finally, Kuhnel's possession of relatively few adult pornography files showed his principal objective was to obtain child pornography. Sufficient evidence supported the receipt convictions.

## C. Double Jeopardy

We review double jeopardy claims *de novo*. United States v. Anderson, 783 F.3d 727, 739 (8th Cir. 2015). A double jeopardy violation arises when a defendant is convicted of two crimes that are "in law and fact the same offense." United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005). "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). The Blockburger test "is concerned solely with the statutory elements of the offenses charged." United States v. Hansen, 944 F.3d 718, 724 (8th Cir. 2019) (quoting Grady v. Corbin, 495 U.S. 508, 521 n.12 (1990), overruled on other grounds by United States v. Dixon, 509 U.S. 688 (1993)).

Kuhnel argues that his two convictions for possession of child pornography are multiplicitous. The district court convicted him under 18 U.S.C. § 2252(a)(4)(B) for possessing six images and videos depicting real minors engaging in sexually explicit conduct. Separately, the district court convicted him under 18 U.S.C. § 2252A(a)(5)(B) for possessing a picture of Victim G's face transposed onto a child pornography image. Kuhnel possessed all the images and videos on the same laptop on the same day.

We conclude as an initial matter that Kuhnel's convictions resulted from the "same act or transaction." Blockburger, 284 U.S. at 304. Both § 2252(a)(4)(B) and § 2252A(a)(5)(B) synonymously forbid the possession of "matter" or "material" containing child pornography, not the possession of the images themselves. Cf. United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010) (explaining that "§ 2252A(a)(5)(B) allows separate convictions for illegal images stored on *different devices*" (emphasis added)). The possession of multiple child pornography images on the same laptop constituted a single criminal act.

Meanwhile, the elements necessary to prove violations of § 2252(a)(4)(B) and § 2252A(a)(5)(B) are indistinguishable. The model jury instructions often used by district courts in this circuit recommend the same elements for both offenses. See Eighth Circuit Manual of Model Jury Instructions (Criminal) 6.18.2252 (2020). This is consistent with the statements we have previously made which describe these possession provisions as "materially identical." United States v. Muhlenbruch, 634 F.3d 987, 1003 n.6 (8th Cir. 2011) (quoting United States v. Miller, 527 F.3d 54, 64 n.10 (3d Cir. 2008)).

The government responds that Kuhnel's conviction under § 2252A(a)(5)(B) involved additional proof of a digitally "morphed" image. "Child pornography" for purposes of § 2252A(a)(5)(B) more broadly includes visual depictions "created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(C). Like § 2252(a)(4)(B), however, the definition also encompasses visual depictions of real minors engaging in sexually

explicit conduct. 18 U.S.C. § 2256(8)(A). Although the digitally altered picture of Victim G would not have fallen within the narrower language of § 2252(a)(4)(B), all the images and videos charged in the possession counts met the definition of child pornography applicable to § 2252A(a)(5)(B). The two possession statutes therefore do not require mutually exclusive proof of different types of child pornography.

We hold that the Double Jeopardy Clause prevents convictions under both 18 U.S.C. § 2252(a)(4)(B) and 18 U.S.C. § 2252A(a)(5)(B) for the possession of a single material containing child pornography. Because the district court imposed concurrent sentences, the appropriate remedy is to remand with directions to vacate one of the multiplicitous convictions. United States v. Emly, 747 F.3d 974, 980 (8th Cir. 2014).[2]

## III.    CONCLUSION

We affirm the suppression ruling and the convictions for receipt of child pornography. We remand to the district court with instructions to vacate one of the possession convictions.

———————————————

———————————————

[2]We decline to consider Kuhnel's *pro se* ineffective assistance of counsel claims on direct appeal and reject the remaining arguments in his supplemental brief as meritless.