# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-1047
_____

United States of America,

*Plaintiff - Appellee,*

v.

Gregory Lukassen,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 15, 2023
Filed: June 4, 2024
_____

Before COLLOTON,[1] WOLLMAN, and BENTON, Circuit Judges.
_____

COLLOTON, Circuit Judge.

A jury found Gregory Lukassen guilty of child pornography offenses, and the district court[2] sentenced him to 240 months' imprisonment. On appeal, Lukassen

_____

[1]Judge Colloton became chief judge of the circuit on March 11, 2024. *See* 28 U.S.C. § 45(a)(1).

[2]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

challenges the denial of his motions to suppress evidence and for judgment of acquittal. He also appeals the length of his sentence and a restitution order. We affirm.

## I.

Law enforcement officers received information regarding suspicious internet activity of Gregory Lukassen in 2015, 2017, and 2019. The government refers to these communications as "cyber tips." An officer eventually interviewed Lukassen in January 2020. Lukassen admitted that he had engaged in online chats about "daddy-daughter" sexual fantasies and had received sexually explicit images of children. He also stated that his truck contained electronic devices.

In January 2020, the officer obtained a search warrant for Lukassen's truck and seized several electronic devices. Investigators found child pornography on a computer and a MicroSD card.

A grand jury charged Lukassen with receipt and distribution of child pornography (Count I), *see* 18 U.S.C. § 2252(a)(2), and possession of child pornography (Count II), *see id.* § 2252(a)(4)(B). Lukassen moved to suppress evidence seized from the electronic devices, and the court denied the motion. The grand jury then returned a superseding indictment that revised the same two counts, and the case proceeded to trial.

A jury found Lukassen guilty on both counts. At sentencing, the district court vacated Lukassen's conviction on Count II (possession of child pornography), because it agreed with the government's suggestion that convictions and sentences for both distribution and possession of the same images could violate the Double Jeopardy Clause. On the conviction under Count I, the court imposed a term of 240 months' imprisonment and ordered restitution in the amount of $3,000 to each victim who requested restitution.

II.

Lukassen first argues that the district court erred in denying his motion to suppress evidence. He contends that issuance of the search warrant for his electronic devices was not supported by probable cause as required by the Fourth Amendment. Probable cause means "a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Whether an officer has established probable cause to search depends on the totality of the circumstances.

The affidavit in this case was presented to a judge on January 15, 2020. The affidavit explained that on December 12, 2019, the affiant reviewed a cyber tip from an online service provider about a sexually explicit image of a minor that was uploaded to the internet. The affidavit did not state directly when the online activity occurred, but the filename of the explicit image included the phrase "UPLOADTIME-2019-03-18." The name and e-mail address for the account that uploaded the image was associated with Lukassen. The affiant had received other tips relating to sexually explicit images of children and Lukassen's account in February 2015 and October 2017.

The affidavit further explained that on "January 14, 2019," investigators located Lukassen at a residence and identified electronic devices that belonged to him. Lukassen admitted on that occasion that he had received sexually explicit images of children and claimed that he had deleted them. The context and chronology of the affidavit shows that the affiant must have been referring to events of January 14, *2020*—the day before he signed the warrant application and a date shortly after the December 2019 cyber tip—and mistakenly used the date of the previous year when typing the information. Lukassen does not contend otherwise.

Lukassen argues that the affidavit did not establish probable cause that he possessed or distributed an image depicting a minor, because the affidavit referred to

"an age difficult juvenile" without specifying an age. The affiant testified, however, that he used the term "juvenile" to mean a person under the age of 18 years; that meaning is consistent with the ordinary definition of the term. Based on his training and experience, the affiant believed that the female depicted in the image was a minor. Lukassen also admitted that he received sexually explicit images of children. Although Lukassen's admission did not specify the device on which he received the images, it was reasonable to infer a fair probability that Lukassen used the devices in his possession for the online activity that he discussed. The record thus supports the conclusion of the issuing judge that there was probable cause to believe that Lukassen possessed child pornography on devices in his possession.

Lukassen also argues that the searching officers exceeded the scope of the warrant because the warrant did not authorize a search of electronic devices. The warrant specified a list of property that was located at the Bellevue Police Department's forensic laboratory. Under the heading "ITEMS TO BE SEIZED," the warrant listed items in twenty-two enumerated paragraphs and included among them "electronic files," "[c]omputers," "hard drives," "floppy disks," or other "storage which can be accessed by computers to store or retrieve data, images or videos." The last enumerated paragraph stated: "And to search the above listed items for evidence of violations of Nebraska State Statute(s) 28-813.01 Possession of a Sexually Explicit Image of a child and 28-1463.05 Distribution of a Sexually Explicit Image of a Child." The next paragraph ordered investigators "to search the afore described location and/or person, for the purpose of seizing the before described property, and if found, to seize and deal with the same as provided by law."

The warrant thus did authorize the officer "to search the above listed items," which included the electronic devices, although the authorization to search was placed in an enumerated paragraph under the heading of "items to be seized." Despite the awkward organization, we understand the warrant to authorize the seizure of the listed items at the police department and to search those items for evidence of violations of the specified Nebraska statutes. Even if the warrant was technically

-4-

inadequate on this ground, an officer reasonably could have understood the warrant to authorize the search, and the officers acted in objectively reasonable reliance on the warrant when they searched the electronic devices. *See United States v. Leon*, 468 U.S. 897, 922 (1984).

III.

Lukassen next argues the district court erred in denying his motion for judgment of acquittal. He contends that no rational jury could have found the elements of the offense beyond a reasonable doubt.

Count I required the government to prove that Lukassen knowingly received or distributed visual depictions of a minor engaging in sexually explicit conduct. 18 U.S.C. § 2252(a)(2). Lukassen argues that there was insufficient evidence of knowledge. Under 18 U.S.C. § 2252(a)(2), a person knowingly receives child pornography when he intentionally views, acquires, or accepts the child pornography on a computer from an outside source. *United States v. Kuhnel*, 25 F.4th 559, 565 (8th Cir. 2022). Knowing distribution occurs when a person consciously makes an image of child pornography available for others to take. *United States v. Clark*, 24 F.4th 565, 576-77 (6th Cir. 2022); *United States v. Neiheisel*, 771 F. App'x 935, 939 (11th Cir. 2019) (per curiam).

A reasonable jury could have found that Lukassen knowingly received and distributed child pornography. The vice president of Mocospace, a social media website, testified that he located four images of child pornography that were uploaded to a user-to-user chat from an account with the username "greg.l.1972." The evidence supported a conclusion that the uploading account belonged to Lukassen. The username matched Lukassen's first name, last initial, and birth year. The phone number associated with the account matched Lukassen's phone number. The user's location was listed as Omaha, Nebraska, and Lukassen lived in a suburb of Omaha. One of the images uploaded to Mocospace was found on Lukassen's computer and

on a data memory card that was seized from Lukassen. Other images of child pornography were found on Lukassen's devices. Lukassen also admitted that he received sexual images of people who were "too young." Taking the evidence in the light most favorable to the verdict, a reasonable jury could have found that Lukassen knowingly received and distributed child pornography.

IV.

Lukassen contends that the district court abused its discretion at sentencing by denying his motion for a downward departure and sentencing him to the maximum statutory sentence. We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007).

The court determined that Lukassen's total offense level was 34 and criminal history category was VI. The applicable guideline range was 262 to 327 months' imprisonment, but the statutory maximum was 240 months' imprisonment, so the statutory maximum was the guideline sentence. *See* 18 U.S.C. § 2252(b)(1); USSG § 5G1.1(a). The court imposed a sentence of 240 months. The court expressly considered the 18 U.S.C. § 3553(a) factors and sufficiently explained its decision to deny Lukassen's motion for a downward departure, emphasizing Lukassen's extensive criminal history and lack of remorse. The district court did not abuse its discretion.

V.

Lukassen finally challenges the district court's order of restitution. The court applied the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), 18 U.S.C. § 2259, and ordered Lukassen to make $3,000 in restitution to each of the four victims who requested restitution. Lukassen argues that the court erred in applying the AVAA and instead should have applied the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. § 3663A. Lukassen did not object to the

district court's application of the AVAA, so we review his contention for plain error. Fed. R. Crim. P. 52(b). To obtain relief, Lukassen must show an obvious error that affected his substantial rights, and seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 733-36 (1993).

The AVAA became effective on December 7, 2018. Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299, 132 Stat. 4383. The law states that it is the "sense of Congress" that a defendant who is sentenced after the effective date of the AVAA is "subject to the statutory scheme that was in effect at the time the offenses were committed." 18 U.S.C. § 2259B(d). Lukassen argues that the district court plainly erred by applying the AVAA because the government presented no evidence that his offense for receipt or distribution of child pornography occurred after December 7, 2018.

Even assuming for the sake of analysis that the district court plainly erred in applying the AVAA to Lukassen's conviction on Count I, he has not shown prejudice or a miscarriage of justice. If the AVAA did not apply, then the district court could have awarded the same restitution under the MVRA to victims who were directly and proximately caused by Lukassen's receipt or distribution of their images. *See id.* § 3663A(a). The MVRA authorized the court to make a "reasonable and circumscribed award" that "comports with the defendant's relative role in the causal process that underlies the victim's general losses." *Paroline v. United States*, 572 U.S. 434, 458-59 (2014). Congress later established by law in the AVAA that $3,000 is the minimum award that is reasonable in this situation, but our decisions have upheld awards of that amount or greater under the MVRA in similar circumstances. *United States v. Bordman*, 895 F.3d 1048, 1059 (8th Cir. 2018); *United States v. Funke*, 846 F.3d 998, 1002 (8th Cir. 2017); *United States v. Beckmann*, 786 F.3d 672, 683 (8th Cir. 2015).

Lukassen bears the burden to show a reasonable probability of a different result under the MVRA. The district court had no occasion here to undertake a complete analysis under *Paroline* because Lukassen did not object to application of the AVAA and its mandatory $3,000 amount. The court found, however, that the victims' total losses were well above $3,000—amounts of $820,375, $696,623, $286,000, and $1,753,793, respectively. The court also recognized that Lukassen's viewing of the images was part of the harm that the victims suffered under *Paroline. See* 572 U.S. at 456-57. The court declared that "[w]hat Mr. Lukassen did himself justifies . . . this restitution order."

Nothing in the record suggests that the court preferred to make smaller restitution awards but for the AVAA. Where the effect of an alleged error is "uncertain or indeterminate," the defendant has not met his burden on plain-error review. *United States v. Pirani*, 406 F.3d 543, 553 (8th Cir. 2005) (en banc) (internal quotation omitted). And given that Congress now has established that $3,000 is the minimum reasonable amount of restitution per victim in this circumstance, we also conclude that leaving the awards in place would not result in a miscarriage of justice. *See Olano*, 507 U.S. at 736.

The judgment of the district court is affirmed.

_____